1  Brent H. Blakely (SBN 157292)
   bblakely@blakelylawgroup.com
2  Cindy Chan (SBN 247495)
   cchan@blakelylawgroup.com
3  Jessica C. Covington (SBN 301816)
   jcovington@blakelylawgroup.com
4  BLAKELY LAW GROUP
   1334 Parkview Avenue, Suite 280
5  Manhattan Beach, California 90266
   Telephone: (310) 546-7400
6  Facsimile: (310) 546-7401

7  *Attorneys for Plaintiff*
   *Deckers Outdoor Corporation*
8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11  DECKERS OUTDOOR            ) CASE NO.
    CORPORATION, a Delaware    )
12  Corporation,               )
                               )
13          Plaintiff,         ) **COMPLAINT FOR DAMAGES AND**
                               ) **EQUITABLE RELIEF FOR PATENT**
14       v.                    ) **INFRINGEMENT – U.S. PATENT NO.**
                               ) **D661,080**
15  J.C. PENNEY CORPORATION, INC., a )
    Delaware Corporation; and DOES 1-10, )
16  inclusive,                 )
                               ) **JURY TRIAL DEMANDED**
17          Defendant.         )
                               )
18                             )

19      **Plaintiff Deckers Outdoor Corporation** for its claim against **Defendant J.C.**

20  **Penney Corporation, Inc.** ("Defendant") respectfully alleges as follows:

21                  <u>**JURISDICTION AND VENUE**</u>

22      1.    Plaintiff files this action against Defendant for patent infringement arising

23  under the patent laws of the United States.  This Court has subject matter jurisdiction

24  over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338.

25      2.    This Court has personal jurisdiction over Defendant because Defendant

26  does business within this judicial district.

27      3.    This action arises out of wrongful acts by Defendant within this judicial

28  district and Plaintiff is located and has been injured in this judicial district by

                              1

1   Defendant's alleged wrongful acts.  Venue is proper in this district pursuant to 28

2   U.S.C. § 1391 because the claims asserted arise in this district.

3   <u>**THE PARTIES**</u>

4        4.     Plaintiff Deckers Outdoor Corporation ("Deckers") is a corporation

5   organized and existing under the laws of the state of Delaware with an office and

6   principal place of business in Goleta, California.  Deckers designs and markets

7   footwear identified by its many famous trademarks including its UGG® trademark.

8        5.     Upon information and belief, Defendant is a corporation organized and

9   existing under the laws of the state of Delaware with an office and principal place of

10  business located at 6501 Legacy Drive, Plano, Texas 75024.

11       6.     Deckers is unaware of the names and true capacities of Defendants,

12  whether individual, corporate and/or partnership entities named herein as DOES 1

13  through 10, inclusive, and therefore sues them by their fictitious names.  Deckers will

14  seek leave to amend this complaint when their true names and capacities are

15  ascertained.  Deckers is informed and believes and based thereon alleges that said

16  Defendant and DOES 1 through 10, inclusive, are in some manner responsible for the

17  wrongs alleged herein, and that at all times referenced each was the agent and servant

18  of the other Defendant and was acting within the course and scope of said agency and

19  employment.

20       7.     Deckers is informed and believes, and based thereon alleges, that at all

21  relevant times herein, Defendant and DOES 1 through 10, inclusive, knew or

22  reasonably should have known of the acts and behavior alleged herein and the damages

23  caused thereby, and by their inaction ratified and encouraged such acts and behavior.

24  Deckers further alleges that Defendant and DOES 1 through 10, inclusive, have a non-

25  delegable duty to prevent or not further such acts and the behavior described herein,

26  which duty Defendant and DOES 1 through 10, inclusive, failed and/or refused to

27  perform.

28

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

**A.      Deckers' UGG® Brand**

8.      Deckers has been engaged in the design, distribution, marketing, offering for sale, and sale of footwear since 1975.  Deckers owns several brands of footwear including UGG®, Koolaburra®, Teva®, Sanuk®, and Hoka One One®.

9.      Deckers' UGG® brand remains one of the most recognized and relevant comfort shoe brands in the industry.  Since 1978, when the UGG® brand was founded, the popularity of UGG® boots has steadily grown across the nation and even the globe. The UGG® brand has always been and remains highly coveted by consumers. This commitment to quality has helped to propel the UGG® brand to its current, overwhelming level of popularity and cemented its status as a luxury brand.

10.      It has now been sixteen years since UGG® boots were first featured on Oprah's Favorite Things® in the year 2000, and Oprah emphatically declared on national television how much she "LOOOOOVES her UGG boots." The popularity of UGG® brand footwear has grown exponentially since then with celebrities including Kate Hudson and Sarah Jessica Parker among a myriad of others regularly donning them.  UGG® sheepskin boots have become a high fashion luxury item and can be found on fashion runways around the world.

11.      Deckers' UGG® products are distributed and sold to consumers through authorized retailers throughout the United States at point-of-sale and on the Internet, including through its UGG® Concept Stores and its website www.ugg.com.

**B.      Defendant's Infringing Activities**

12.      Upon information and belief, Defendant is a retailer of various types of consumer products, ranging from apparel, footwear, and home merchandise.  Products from Defendants are available to consumers nationwide and can be purchased at its retail stores, some of which are located in this judicial district, or on its website (www.jcpenney.com).

13.      The present lawsuit arises from Defendant's willful infringement of

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Deckers' UGG® "Ellee" boot, to which Deckers owns design patent rights, by certain of Defendant's footwear products ("Infringing Products"), an example of which is shown below.



***Defendant's Infringing Product***

14.    Deckers is informed and believes and herein alleges that Defendant is a competitor and has copied Deckers' boot design in an effort to exploit Deckers' reputation in the market.

15.    Upon information and belief, Defendant may have sold additional products that infringe upon intellectual property owned by Deckers.  Deckers may seek leave to amend as additional information becomes available through discovery.

16.    Deckers has not granted a license or any other form of permission to Defendant with respect to its trademarks, design patents, trade dresses, or other intellectual property.

17.    Deckers is informed and believes and herein alleges that Defendant has acted in bad faith and that Defendant's acts have misled and confused and were intended to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant's Infringing Products with Deckers, or as to the origin, sponsorship, or approval of Defendant's Infringing Products by Deckers.

## FIRST CLAIM FOR RELIEF

### (Patent Infringement - U.S. Patent No. D661,080)

18.    Deckers incorporates herein by reference the averments of the preceding

paragraphs as though fully set forth herein.

19.     Deckers is the owner of numerous design patents to the various styles of footwear it offers under its UGG® brand.  These design patents include but are not limited to the "Ellee" boot (U.S. Patent No. D661,080 issued on June 5, 2012), a true and correct copy of which is attached hereto and incorporated herein as <u>Exhibit A</u> (" '080 Patent").

20.     Deckers is the owner by assignment of all right, title and interest in and to the '080 Patent.

21.     Defendant has used, caused to be produced, distributed, advertised, marketed, offered for sale, sold within the United States, and/or has imported into the United States footwear that is substantially similar to the '080 Patent in direct violation of 35 U.S.C. § 271.  An example of the Infringing Product is shown at the far right of the '080 Patent drawing and a genuine UGG® Ellee boot below:

  

**Design Patent D661,080**          **UGG® Ellee boot**          **Defendant's Infringing Product**

22.     Defendant's aforesaid infringing acts are without Deckers' permission or authority and are in total disregard of Deckers' right to control its intellectual property.

23.     As a direct and proximate result of Defendant's infringing conduct, Deckers has been injured and will continue to suffer injury to its business and reputation unless Defendant is restrained by this Court from infringing Deckers' '080 Patent.

24.     Defendant's acts have damaged and will continue to damage Deckers, and Deckers has no adequate remedy at law.

25.     Deckers marks all footwear products embodying the design of the '080 Patent with "Pat. No. D661,080" on a product label in compliance with 35 U.S.C. § 287.

26.     Given the widespread popularity and recognition of Deckers' UGG® products and the patent notice provided on the products themselves, Deckers avers and hereon alleges that Defendant had pre-suit knowledge of Deckers' rights to the '080 Patent and has intentionally copied said design on its own brand of products in an effort to pass them off as if they originated, are associated with, are affiliated with, are sponsored by, are authorized by, and/or are approved by Deckers.

27.     On information and belief, Defendant's acts herein complained of constitute willful acts and intentional infringement of the '080 Patent.

28.     In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendant from infringing the '080 Patent and to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.  Deckers is also entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Deckers Outdoor Corporation respectfully prays for judgment against Defendant J.C. Penney Corporation, Inc. as follows:

1.     A Judgment that Defendant has infringed Deckers' '080 Patent and that said infringement was willful;

2.     An order granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendant, its agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them from using Deckers' intellectual property, including, but not limited to:

a.     manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling the Infringing Products or any other

1  products bearing designs that infringe upon the '080 Patent and/or the overall

2  appearance thereof;

3           b.    committing any other act which falsely represents or which has the

4  effect of falsely representing that the goods and services of Defendant are licensed by,

5  authorized by, offered by, produced by, sponsored by, or in any other way associated

6  with Deckers;

7         3.    Ordering Defendant to recall from any distributors and retailers and to

8  deliver to Deckers for destruction or other disposition all remaining inventory of all

9  Infringing Products and related items, including all advertisements, promotional and

10  marketing materials therefore, as well as means of making same;

11         4.    Ordering Defendant to file with this Court and serve on Deckers within

12  thirty (30) days after entry of the injunction a report in writing, under oath setting forth

13  in detail the manner and form in which Defendant has complied with the injunction;

14         5.    Ordering an accounting by Defendant of all gains, profits and advantages

15  derived from their wrongful acts pursuant to 35 U.S.C. § 289;

16         6.    Awarding Deckers all of Defendant's profits and all damages sustained by

17  Deckers as a result of Defendant's wrongful acts, and such other compensatory

18  damages as the Court determines to be fair and appropriate;

19         7.    Awarding treble damages in the amount of Defendant's profits or

20  Deckers' damages, whichever is greater, for willful infringement;

21         8.    Awarding applicable interest, costs, disbursements and attorneys' fees;

22         9.    Such other relief as may be just and proper.

23  Dated:     September 14, 2016    BLAKELY LAW GROUP

24

25                By:

26                             Brent H. Blakely

27                             Cindy Chan
                               Jessica C. Covington
                           *Attorneys for Plaintiff*

28                             *Deckers Outdoor Corporation*

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1

## **DEMAND FOR JURY TRIAL**

2

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Deckers

3

Outdoor Corporation hereby demands a trial by jury as to all claims in this litigation.

4

5

Dated:         September 14, 2016       BLAKELY LAW GROUP

6

7

By:

8

Brent H. Blakely
Cindy Chan

9

Jessica C. Covington
*Attorneys for Plaintiff*

10

*Deckers Outdoor Corporation*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

US00D661080S

(12) **United States Design Patent**
Ng

(10) **Patent No.:** **US D661,080 S**
(45) **Date of Patent:** ✱✱ **Jun. 5, 2012**

(54) **FOOTWEAR UPPER**

(75) Inventor: **Natalie Ng**, Santa Barbara, CA (US)

(73) Assignee: **Deckers Outdoor Corporation**, Goleta, CA (US)

(✱✱) Term: **14 Years**

(21) Appl. No.: **29/405,528**

(22) Filed: **Nov. 3, 2011**

(51) LOC (9) Cl. ............................................ **02-04**

(52) U.S. Cl. .................................... **D2/970**; D2/911

(58) Field of Classification Search ................. D2/896, D2/900, 909–911, 943, 946, 969, 970; 36/83, 36/1.5, 2 R, 109, 3 A, 7.1 R, 45, 55, 112, 36/100

See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D232,876 | S | ✱ | 9/1974 | Cupples et al. ................. D2/912 |
| D240,971 | S | ✱ | 8/1976 | Summa et al. ................... D2/910 |
| D242,400 | S | ✱ | 11/1976 | Harrington ...................... D2/910 |
| D243,210 | S | ✱ | 2/1977 | Summa et al. ................... D2/910 |
| D335,946 | S | ✱ | 6/1993 | Preston .......................... D2/901 |
| D642,781 | S | | 8/2011 | Larson | |

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| EM | 000191838-0001 | 6/2004 |
| EM | 000335880-0062 | 4/2005 |
| EM | 000718002-0032 | 4/2007 |
| ES | D0502321-32 | 4/2006 |
| ES | 0505204-23 | 12/2007 |
| FR | 043230 | 11/2004 |
| FR | 20103229 | 8/2010 |

OTHER PUBLICATIONS

ARS Sutoria Magazine, Issue 370, Apr. 2011, Material Preview 2012.
ARS Sutoria Magazine, Issue 369 , Mar. 2011.
Rendez-vous Collections, Automne-hiver, 2011/2012 (Fall/Winter 2011/2012).
Reference cited on p. 2 of Office Action from Japan Patent Office: "Nice Claup" model, "Au one Brand Garden" Magazine published Oct. 7, 2011, magazine was filed with the Japan Patent Office on Oct. 14, 2011 under data filing No. HJ23035677.

\* cited by examiner

*Primary Examiner* — Robert M Spear
*Assistant Examiner* — Rashida C McCoy
(74) *Attorney, Agent, or Firm* — Greer, Burns & Crain, Ltd.

(57) **CLAIM**

The ornamental design for a footwear upper, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of a footwear upper showing my new design;
FIG. 2 is a side elevational view thereof;
FIG. 3 is an opposite side elevational view thereof;
FIG. 4 is a front elevational view thereof;
FIG. 5 is a rear elevational view thereof;
FIG. 6 is a top plan view thereof; and,
FIG. 7 is a bottom plan view thereof.
The broken lines in FIGS. 1-7 represent portions of the footwear that form no part of the claimed design. The broken lines which define the bounds of the claimed design form no part thereof.

**1 Claim, 3 Drawing Sheets**





FIG. 2

FIG. 1

**U.S. Patent**     Jun. 5, 2012     Sheet 2 of 3     US D661,080 S



FIG. 4



FIG. 3



FIG. 6

FIG. 7



FIG. 5